## Boyer's Estate.

*Decedents' estates—Wills—Trustee—Power to use proceeds of real estate to erect buildings.*

A testamentary trustee will not be permitted to sell a portion of the real estate to obtain money with which to erect buildings upon the remaining real estate, unless expressly authorized to do so by the terms of the will.

Petition to sell real estate. O. C. Erie Co., Sept. T., 1926, No. 174.

*J. M. Sherwin,* for petitioner.

CLARK, P. J., Oct. 20, 1926.—A petition was presented Oct. 18, 1926, to the court, setting forth that the petitioner is a "trustee under the will of Annette Boyer, deceased, late of Harborcreek Township, Erie County, Pennsylvania;" that among the lands owned by decedent, Annette Boyer, is a farm in said township, and that the Wesleyville Construction Company has offered to purchase a portion of said farm, of fifty acres at the southwest corner of the East Lake Road and the Six-Mile Creek Road, and in payment thereof to erect two two-story frame dwellings upon the remaining portions of said farm and to construct a veranda on the rear of a house now standing thereon. The purchase price for the land is $10,000.

Boyer's Estate.

The petitioner prays for an order of court authorizing him to accept this offer and consummate it as indicated.

The question involved here is not that of the right to sell a portion of the farm or the whole of it, but relates solely to the right of investment of the proceeds arising from the sale of real estate. The authority of the trustee to carry out the propositions embraced in the petition must be determined by the terms and conditions of the instrument, viz., the will, under which and by which the testamentary trust is created, and an inspection of that will discloses the following directions of the testatrix that when real estate is sold, the proceeds shall be put "out at interest on good real securities or in the bonds of interest-paying railroads or other good and approved securities and pay over the interest or dividends thereof from time to time, when as the same shall be got in and received, to my said husband, William Boyer, and my said son, William F. Boyer, in equal moieties, during the term of their natural lives," with the remainder over to others. There is not anything in the will to indicate that the testatrix intended to provide for the erection of new houses upon the farm as prayed for.

There have not been any authorities cited to the court permitting the erection of new buildings upon real estate similarly held in trust for life, with the remainder over, and we have come to the conclusion that in view of the explicit directions of the will, the prayer of the petitioner should be refused, and it is.                              From Otto Herbst, Erie, Pa.